STATE EX REL. ELLIS v. OHIO FIRE INS. ASSN.

1. MUTUAL PROTECTION ASSOCIATION MAY COLLECT ASSESSMENTS BEFORE ACTUAL LOSS SUSTAINED.

A mutual protection association is authorized by the provisions of Rev. Stat. 3686 (Lan. 5895), regulating the collection of assessments, to collect sums of money from its members in advance of any loss being sustained and assessment made therefor, whether done directly or through a trustee.

2. NO OUSTER FOR IMMATERIAL VARIANCE BETWEEN ANNUAL REPORT AND TRUE CONDITION OF INSURANCE ASSOCIATION.

A judgment of ouster against a mutual protection association will not be granted for immaterial variations between the report required to be filed by Rev. Stat. 3690 (Lan. 5899) with the superintendent of insurance and the true condition of such association.

**W. H. Ellis, R. J. Mauck** and **C. F. Williams,** for plaintiff.

**L. H. Pummill,** for defendant.

**GIFFEN, J.**

The collection by the defendant corporation from its members of certain sums of money in advance of any loss being sustained and assessment made therefor, whether done directly by the company or through a trustee, is authorized by Rev. Stat. 3686 (Lan. 5895), which provides that the members—

"May make, assess and collect upon and from each other such sums of money, from time to time, as may be necessary to pay losses which occur by fire * * * to any member of such association, and the assessment and collection of such sums of money shall be regulated by the constitution and by-laws of the association."

The allegation that the defendant corporation did not on January 1, 1905, file with the superintendent of insurance of Ohio, a true statement of the condition of such association on the thirty-first day of December next preceding, is sustained by the evidence, but the variation between the report and the true condition of the company is not such as to warrant the court in granting a judgment of ouster.

The third ground in the petition is not sustained by the evidence, and we are of the opinion that the petition should be dismissed, which is accordingly done.

**Swing, J.,** concurs.

**Jelke, J.,** dissents.